UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff*, | § | |
| v. | § | EP-16-CR-02215-DCG |
| | § | |
| MARCOS ANDRADE-LUNA, | § § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendant Marcos Andrade-Luna's "Motion to Withdraw Plea of Guilty" (ECF No. 50) filed on July 28, 2017. The government filed a "Response to Defendant's Motion to Withdraw Plea of Guilty" (ECF No. 53) in opposition on September 8, 2017. For the reasons that follow, the Court **GRANTS** Defendant's motion.

### I. BACKGROUND

On November 17, 2016, United States Border Patrol ("USBP") agents patrolling near the Fort Hancock Port of Entry encountered five individuals lying down next to three burlap backpacks and four bundles wrapped in cellophane tape. Crim. Compl. at 2, ECF No. 1. Defendant attempted to flee, but he was apprehended by the USBP agents a short time later. *Id.* Subsequently, the USBP agents discovered that the bundles contained approximately 67.2 kilograms of marijuana. Govt.'s Mot. Variance at 2, ECF No. 43. After being taken into custody, Defendant waived his Miranda Rights and admitted to knowingly transporting a backpack containing marijuana from Mexico into the United States for $600. *Id.*

On December 14, 2016, Defendant was indicted and charged with (1) Conspiracy to Import a Controlled Substance, in violation of 21 U.S.C. § 963; (2) Importation of a Controlled Substance, in violation of 21 U.S.C. § 952(a); (3) Conspiracy to Possess with the Intent to

Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1); and (4) Possession with the Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). *Id.* On February 15, 2017, Defendant pled guilty to Count Two of the Indictment, pursuant to a plea agreement. *Id.* As part of the plea agreement, the parties agreed that Defendant was a minor participant in the offense. *Id.* at 9.

After Defendant's plea, the government received information from an informant that Defendant was talking to high-level members of the Sinaloa Cartel over the telephone while in jail. *Id.* at 2. The government then obtained recorded jail calls the Defendant made that allegedly revealed him to be an integral part of the Sinaloa Cartel's smuggling operation at the border. *Id.* at 3–8. The jail calls also allegedly linked Defendant to an additional 468.99 kilograms of marijuana seized by the government from July to November 2016. *Id.* at 8–9.

Following Defendant's plea, the probation department's initial presentence report indicated a sentencing guideline range of 15–21 months. Def.'s Mot. Withdraw Plea Guilty at 1. After receiving additional information uncovered by the government subsequent to Defendant's plea, the probation department filed a revised presentence report indicating a guideline range of 27–33 months. *Id.* On May 16, 2017, the government filed a "Motion for a Variance or, Alternatively, Motion for Upward Departure" requesting a sentence of 41 to 51 months based on the additional information it uncovered following Defendant's plea. Govt.'s Mot. Variance at 12.

Originally, Defendant was supposed to be sentenced on April 26, 2017. However, the government requested and was granted a continuance until June 1, 2017. On May 31, 2017, Defendant requested and was granted a continuance until June 22, 2017, which was subsequently continued until July 28, 2017. On July 28, 2017, Defendant filed its Motion to Withdraw Plea of

Guilty, and the Court continued Defendant's sentencing until it could hold a hearing on Defendant's Motion. The Court held a hearing to consider Defendant's Motion on September 15, 2017, with Defendant reaffirming that he wishes to withdraw his plea of guilty.

## II. STANDARD

Federal Rule of Criminal Procedure 11(d)(2)(B) governs motions to withdraw a plea prior to sentencing. "A criminal defendant is permitted to withdraw his plea before sentencing if he provides a fair and just reason." *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009) (citing Rule 11(d)(2)(B)). "The defendant bears the burden of establishing a fair and just reason for withdrawing the guilty plea." *United States v. Poole*, 983 F.2d 1062 (5th Cir. 1993). The Fifth Circuit has offered seven factors to guide the determination of whether a withdrawal is fair and just:

> (1) whether or not the defendant has asserted his innocence;
>
> (2) whether or not the government would suffer prejudice if the withdrawal motion were granted;
>
> (3) whether or not the defendant has delayed in filing his withdrawal motion;
>
> (4) whether or not the withdrawal would substantially inconvenience the court;
>
> (5) whether or not close assistance of counsel was available;
>
> (6) whether or not the original plea was knowing and voluntary; and
>
> (7) whether or not the withdrawal would waste judicial resources[.]

*United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984). The *Carr* factors are non-exclusive; thus, a court, in its discretion, may consider any other relevant factors. *See United States v. Hampton*, 646 F. App'x 367, 370 (5th Cir. 2016) (*per curiam*) ("In *Carr*, we explained the following *non-exclusive* factors should be considered in deciding whether a withdrawal would be fair and just . . . ." (emphasis added)); *United States v. Vicharelly*, 514 F. App'x 491,

492 (5th Cir. 2013) (*per curiam*) ("In light of the record evidence, the parties' arguments, and the *relevant, non-exclusive* factors originally set forth in *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984), we conclude that Vicharelly . . . fails to show an abuse of discretion by the district court." (emphasis added)). "The *Carr* factors are considered for the totality of the circumstances, and the district court is not required to make a finding as to each individual factor." *McKnight*, 570 F.3d at 646 (citing *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003)).

Furthermore, the Court's decision regarding a withdrawal motion is accorded "broad discretion." *Carr*, 740 F.2d at 344 ("[T]he trial court's decision regarding a withdrawal motion must be accorded broad discretion." (internal quotation marks omitted)). Courts should liberally construe Federal Rule of Criminal Procedure 11(d)(2)(B) "in favor of the accused when a motion is made to withdraw before [the] sentence is imposed." *United States v. Presley*, 478 F.2d 163, 167 (5th Cir. 1973) ("We have adhered nonetheless to the general principle that Rule [11(d)(2)(B)] should be construed liberally in favor of the accused when a motion is made to withdraw before [the] sentence is imposed. The right [to a] jury trial is involved and that right has long held a favored place in our law." (internal citations omitted)). *See also United States v. Punch*, 709 F.2d 889, 893 n.5 (5th Cir. 1983) (stating the same). While a defendant does not have an absolute right to withdraw a guilty plea before sentencing, courts should freely allow withdrawals for any reason that is fair and just. *United States v. Rasmussen*, 642 F.2d 165, 168 (5th Cir. 1981) ("The law of this circuit is that there is no absolute right to withdraw a guilty plea even before imposition of the sentence. Although such withdrawal should be freely allowed, the decision lies within the sound discretion of the district judge and the test is whether there is any reason that is 'fair and just.'" (citing *Kercheval v. United States*, 274 U.S. 220, 224 (1927)));

*United States v. Pressley*, 602 F.2d 709, 711 (5th Cir. 1979) (*per curiam*) ("If, in the exercise of the court's discretion, there appears to be any reason to allow withdrawal of a guilty plea prior to sentencing, leave should be freely granted."). The Court's focus in applying Rule 11(d)(2)(B) should be on traditional notions of fairness and justice. *See United States v. Scarborough*, 527 F. Supp. 380, 383 (W.D. Tex. 1981) ("The rule contains an embodiment of the general doctrine of 'fairness and [j]ustice' in the application of due process in the criminal courts, so that a court may allow withdrawal of a guilty plea before sentencing, for any fair and just reason . . . a motion to withdraw a plea of guilty should never be denied where the ends of justice would best be served by granting it.").

### III. DISCUSSION

Defendant contends that he is entitled to withdraw his plea because the government's investigation subsequent to his plea brought to light additional information that has significantly changed the nature of his plea deal. *See* Def.'s Mot. Withdraw Plea Guilty at 2. Conversely, the government argues that the Defendant has failed to establish a fair and just reason for the withdrawal of his plea. Govt.'s Resp. Def.'s Mot. Withdraw Plea Guilty at 9. Further, after reading the parties' respective briefs, it is clear that there are a number of disputes regarding whom the *Carr* factors favor. Therefore, the Court will address each *Carr* factor in turn.

**1. Whether the Defendant Has Asserted His Innocence**

Defendant does not assert innocence to the bundles of marijuana he imported into the United States; rather, Defendant argues actual innocence to the other 400 kilograms of marijuana that the government attempts to impute to him from its investigation subsequent to his plea. Def.'s Mot. Withdraw Plea Guilty at 2. The government is attempting to use the additional 400 kilograms of marijuana to form the basis for an upward departure from the United States

Sentencing Guidelines, pursuant to U.S.S.G. § 5K2.0. *See* Govt.'s Mot. Variance at 10–12. The government first contends that Defendant's assertion of innocence lacks sufficient factual backing to support a withdrawal of his guilty plea. Govt.'s Resp. Def.'s Mot. Withdraw Plea Guilty at 4–5. *See Carr*, 740 F.2d at 344 ("[A]lthough the defendant has asserted his innocence, this claim alone is far from being sufficient to overturn denial of a withdrawal motion."). The government next argues that Defendant is not asserting his innocence, but instead, he is only objecting to the quantity of drugs attributable to him for sentencing purposes. Govt.'s Resp. Def.'s Mot. Withdraw Plea Guilty at 4–5. *See United States v. Rosales*, 281 F. App'x 424, 425 (5th Cir. 2008) (*per curiam*) ("Rosales did not assert his innocence, but merely objected to the quantity of drugs attributed to him for sentencing purposes.").

However, Rosales is distinguishable because the drugs were imputed to the defendant at the time when he pled guilty to the conspiracy charge. *See United States v. Rosales*, 494 F. Supp. 2d 522, 526 (W.D. Tex. 2007) ("Defendant states that 'he freely admits his guilt of the loads in which he was personally involved,' and merely contends that he 'pled guilty to the conspiracy charge without understanding the implications' of his sentence."). Here, the government did not uncover the information relating to the drugs it now attempts to impute to the Defendant until after his plea. Nonetheless, the Court finds that Defendant's mere assertion of innocence is not alone sufficient to constitute a fair and just reason for allowing Defendant to withdraw his guilty plea.

### 2. Whether the Government Would Suffer Prejudice

Defendant asserts that the government will not suffer any prejudice if the Court allows him to withdraw his guilty plea. Def.'s Mot. Withdraw Plea Guilty at 2. The government concedes this point. *See* Govt.'s Resp. Def.'s Mot. Withdraw Plea Guilty at 5. The government

solely argues that Defendant needs to show more than a lack of prejudice to the government for the Court to find there is a fair and just reason to allow him to withdraw his plea. *Id.*; *see Carr*, 740 F.2d at 345 ("'[W]e do not believe that the absence of a showing of prejudice to the government, by itself, should be sufficient to mandate permission to withdraw a plea'" (quoting *Rasmussen*, 642 F.2d at 168 n.6)). Thus, the Court finds that there will be no prejudice to the government if it allows Defendant to withdraw his plea.

### 3. Whether the Defendant Has Delayed in Filing His Motion

Defendant argues that there "has not been any meaningful delay between the entry of the defendant's guilty plea and this motion to withdraw said plea." Def.'s Mot. Withdraw Plea Guilty at 2. The government contends that Defendant waited until the day of sentencing, July 28, 2017, to file his withdrawal motion despite the government filing its Motion for Variance on May 16, 2017. Govt.'s Resp. Def.'s Mot. Withdraw Plea Guilty at 5. This is important because "the longer a defendant delays in filing a withdrawal motion, the more substantial reasons he must proffer in support of his motion." *Carr*, 740 F.2d at 344.

The Motion for Variance informed Defendant of the new facts that the government had uncovered in its investigation subsequent to his plea. Defendant still waited for two months, until the day of his sentencing, before filing his Motion to Withdraw Plea of Guilty. Therefore, the Court finds that Defendant delayed before filing his Motion to Withdraw Plea of Guilty.

### 4. Whether the Withdrawal Would Substantially Inconvenience the Court

Defendant avers that the withdrawal of his guilty plea will not substantially inconvenience the Court. Def.'s Mot. Withdraw Plea Guilty at 3. The government states that it is for the Court to determine whether it will be substantially inconvenienced by Defendant

withdrawing his guilty plea. Govt.'s Resp. Def.'s Mot. Withdraw Plea Guilty at 7. The Court finds that it will not be substantially inconvenienced by Defendant withdrawing his guilty plea.

## 5. Whether Close Assistance of Counsel Was Available

Defendant does not dispute that close assistance of counsel was available to him. Instead, Defendant asserts that counsel had no access to the information that the government would subsequently uncover at the time that Defendant pled guilty. Def.'s Mot. Withdraw Plea Guilty at 2. Accordingly, the Court finds that close assistance of counsel was available to the Defendant, but Defendant's counsel did not have all the now relevant information at the time of Defendant's plea.

## 6. Whether the Original Plea Was Knowing and Voluntary

Defendant concedes that his original plea was knowing and voluntary. Defendant admits that he "accepted responsibility for the bundles of marijuana he imported into the United States[.]" *Id.* Thus, the Court finds that Defendant's original plea was knowing and voluntary.

## 7. Whether the Withdrawal Would Waste Judicial Resources

Defendant states that the withdrawal of his plea would not waste judicial resources. *Id.* at 3. The government contests this on the grounds that "withdrawal would only expose [Defendant] to a higher sentencing range based on the same information." Govt.'s Resp. Def.'s Mot. Withdraw Plea Guilty at 8. The Court is reluctant to find that something as vital as a Defendant's right to a jury trial is a waste of judicial resources. Therefore, the Court finds that a withdrawal would not waste judicial resources.

## 8. Other Relevant Factors

Additionally, the general principles of fairness and justice are relevant factors to be considered in this case. The government contends that it is under no obligation to stop gathering

evidence during the course of an ongoing investigation simply because Defendant has already entered a plea of guilty to an offense. *Id.* at 7–8. The government is correct that it does not have to stop investigating defendants after they plead guilty. However, traditional notions of fairness dictate that if this investigation brings to light new and significant information that is potentially damaging to Defendant, Defendant should be allowed to reconsider his decision to plead guilty. When Defendant and his counsel discussed the consequences of a guilty plea and made the decision to plead guilty, they were not aware of the new information the government would uncover and present to the Court. Allowing Defendant to withdraw his plea in light of that new evidence is a fair and just result.

After considering the totality of the circumstances, the Court finds that Defendant has provided a fair and just reason for withdrawing his guilty plea.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Marcos Andrade-Luna's "Motion to Withdraw Plea of Guilty" (ECF No. 50) is **GRANTED**.

**IT IS FURTHER ORDERED** that the final pretrial conference is **SET for November 9, 2017, at 2:00 p.m.**, and trial is **SET for November 13, 2017, at 9:00 a.m.**, in Courtroom Number 322, on the Third Floor of the Albert Armendariz, Sr. United States Courthouse at 525 Magoffin Avenue, El Paso, Texas.

So ORDERED and SIGNED this 22nd day of September 2017.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE